THE NATIONAL CITY BANK OF NEW YORK, Plaintiff and Appellee, v. MERCEDES DE LA TORRE, FRANCISCO DE LA TORRE and ARTURO O'NEILL, Defendants and the second appellant.

No. 7608. Argued February 20, 1939. Decided April 26, 1939.

*Francisco de la Torre, pro se* and *Luis Lloréns Torres* for appellant.
*Fiddler, Córdova & McConnell,* for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the Court.

The defendant de la Torre, not satisfied with our judgment of February 8th last, on the 21st of last month filed a motion in which he prays that we reconsider said judgment and leave without effect the attachment made by the complainant bank on property of the conjugal partnership constitued by him and his wife.

In his motion to reconsider the defendant repeats more or less the same arguments that he presented in his brief which we considered in delivering said opinion. He alleges that as a result of the amendments made in the conjugal

partnership in the Revised Civil Code in prohibiting the husband to sell or constitute liens on the immovable property of the conjugal partnership without the express consent of the wife, the said partnership has changed in such a manner, that the citations which we made from Manresa, Scaevola and the French authors who have written on said subject are not applicable to the present Puerto Rican legislation.

He cites jurisprudence from the State of Washington where there exists a similar restriction in regard to the power of the husband to sell or impose liens on the conjugal partnership and where it has been decided that the immovable property of said partnership can not be applied to the payment of private debts of the husband. This has deen decided, among other cases of the State of Washington, in the case of *Brotton* v. *Langert*, 23 Pac. 688. But it is no less true that in the same case there appears a strong dissenting opinion of Judge Stiles, from which we take the following paragraph:

"I cannot believe that it was the intention of the legislature of 1881 to withdraw all this community real estate from liability for accommodation indorsements, guaranties, and especially official bonds, as well as the hundred engagements that married men enter into every day, but which have no relevancy to their community interests, and cannot be said to benefit them. It is said that these obligations can be made good by securing the signature of the wife, but I deny it. If the signature of a husband to the bond of a county treasurer does not make the obligation collectible out of his community real property, because the debt is not one for the benefit of the community, it is idle to say that adding the signature of the wife will change the character of the debt, and make it so collectible; and so on. The combinations and confussions are endless, if this doctrine is once announced."

In the opinion of the majority in said case it is stated that the statute which regulates the conjugal partnership is an original creation of the State of Washington, that it participates of the characteristics of a partnership and of

a corporation, different from both in certain essential points (op., p. 688). This being so, it appears that the Washington jurisprudence is not the most appropriate to lead us in interpreting our own law, which, as is known, is a true and exact copy of the Spanish law with the exception of the aforesaid amendments made in the year 1902.

We say that the jurisprudence of the State of Washington is not the most appropriate because even though we do not doubt that the Washington statute has been taken from, or at least inspired by, the Mexican law, which in turn is derived from the Spanish law, when the highest court of said State says that the statute is an original creation of the Legislative Assembly, it surely has not taken into consideration in its interpretation the provisions of the Spanish Law, which should be taken into consideration in relation with said legal institution.

On the other hand, in the article published by Professor Alvin E. Evans, of the University of Idaho, in November 1921 in 35 Harvard Law Review 47, entitled "The Ownership of Community Property," the eight states of the Union in which the conjugal partnership exists are mentioned, to wit: Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Texas and Washington, and citing with approval the known author Tiffany, he says that the theory in California is the one which most closely resembles the Spanish law, although it contains certain principles taken from the common law.

Let us see then which is the California jurisprudence, where the husband, the same as under our law, can not sell nor impose liens upon immovable property of the conjugal partnership without the express consent of his wife. Section 172 (a) of the Civil Code of California.

In the case of *Stewart* v. *Stewart,* 199 Cal. 318, in an opinion of twenty-five pages, a complete study of the institution, the conjugal partnership, is made since it was initiated in the State of California in the year 1850, to date.

It is said that in the beginning the husband, the same as in Spain, could dispose freely, except by will, of all the conjugal property without any restriction whatsoever. That later, in 1881, section 172 of the Civil Code was amended, adding another "provided" that prescribed that the husband could not make any gift of the conjugal property or sell the same without a consideration, without the written consent of his wife. The institution continued thus until in 1917, when section 172(a) was added to the Civil Code, which, among other provisions, restricts the power of the husband in the sense that he can not rent the immovable property of the conjugal partnership or any interest in same for more than a year nor can he sell, dispose of or impose a lien on said property without the concurrence of the wife or of her duly authorized agent.

In said case of *Stewart, supra,* after making a summary of all the jurisprudence of the state up to the present, it is decided that the aforesaid amendment of 1917 was made with the object of providing means of protection and security against the fraudulent or thoughtless acts of the husband in exercising his control of the property of the conjugal partnership, and notwithstanding said amendments, the constant jurisprudence of the State which holds that the private debts of the husband can be collected from any property of the conjugal partnership, is ratified. The opinion terminates modifying the statement made in previous cases to the effect that the interest of the wife in the conjugal partnership is a mere expectancy which comes into being upon the dissolution of the partnership. In this case it is said that while it is true that the wife does not have any vested right in the property of the conjugal partnership until it has been dissolved, her interest in the same is greater than that of a presumptive heir. Given the changes that have occurred in the institution in Puerto Rico, similar to those of California, we do not doubt in reality that the interest of the wife is something more than a mere expec-

tancy and that it can be said that here, as well as in California, her interest in the property of the conjugal partnership is greater than that of a presumptive heir.

In his motion to reconsider the defendant acknowledges that our opinion has "a true and conscientious exposition of the fundamental facts of the case", but notwithstanding that admission, he deems it necessary to rectify or clear certain questions of fact which in his opinion have not been clearly set forth and that he judges to be important in the decision of the legal questions. To this effect the defendant maintains:

"In the first place it should be made clear that the obligation entered into by the defendant Francisco de la Torre was in addition to or an enlargement of the guaranty given by Mrs. Mercedes de la Torre and not to substitute the same (f. 1, line 6, opinion)."

What we say in our opinion is as follows:

"Mercedes de la Torre Berríos applied to the American Colonial Bank of Porto Rico for a loan for $10,398.38. The bank demanded certain collateral securities in addition to the mortgage offered by the applicant. As a substitute for the colateral securities Francisco de la Torre Garrido, petitioner, agreed to become also responsible for the amount of the loan. . . ."

What we have copied is the only thing that is said on this particular and it clearly shows that in addition to the mortgage guaranty given by Mercedes de la Torre, Francisco de la Torre bound himself and that his signature substitutes, not the mortgage guaranty given by Mrs. de la Torre, but the collateral which in addition to the mortgage was required by the bank.

In another part of our opinion we say that some time after the transaction was entered into between Mr. de la Torre and the Bank, the National City Bank of New York took charge of all the assets and liabilities of the American Colonial Bank of Porto Rico, and that it was in this manner that the aforesaid credit came into the hands of the complainant Bank.

The defendant alleges that what appears from the record on this particular is that the promissory note was endorsed to the National City Bank. Perhaps from the knowledge that the Judge who delivered the opinion has of the facts of this case, having acted in other incidents of the same case in the District Court of San Juan, a fact which does not appear from the record in this case was inadvertently set forth. The truth is that as a result of said transaction the promissory note was delivered by endorsement and we so hold by petition of the defendant.

The foregoing disposes, in our opinion, of the essential questions raised in the motion to reconsider, which should be denied.